# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| Efrain Esparza § | |
| *Petitioner*, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| § | |
| HON. Antony J. Blinken § | |
| United States Secretary of State, § | |
| *Respondent.* § | |

## PETITION REQUEST FOR DECLARATION RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Efrain Esparza, Petitioner herein, filing this Petition Request for Declaratory Relief, pursuant to 8 U.S.C. § 1503(a) and would show the court the following:

### I. Jurisdiction and Venue

1. Jurisdiction herein is laid under 28 U.S.C. §1331 (federal question) with 8 U.S.C. §1503 (denial of rights and privileges as a National). To deny the validity of the Petitioner's birth certificate and, by extension, his jus soli (citizenship by birth within a state's borders) citizenship, as well as denying his passport, because he allegedly was not born in the United States, constitutes a denial of a privilege that is owed to all United States citizens. Therefore, this action is cognizable under 8 U.S.C. §1503.

2. Pursuant to 28 USC § 1391(b)(2) venue is proper in the U.S. District Court for The Southern District of Texas as essential parties live here and a substantial part of the events alleged occurred here.

## II. The Parties

3. Petitioner Efrain Esparza is a native-born United States citizen. He possesses an official birth certificate issued by the State of Texas. Petitioner was born on May 4, 1999 (see Exhibit "A" incorporated herein). He has never renounced his allegiance to the United States nor his U.S. citizenship. Efrain Esparza currently resides in Pharr, Texas, within the jurisdiction of this court.

4. Respondent, Antony J. Blinken, Secretary of the United States Department of State is a federal employee within the jurisdiction of this Court.

5. The Secretary of the U.S. Department of State, Antony J. Blinken, is sued in his official capacity as the Secretary of the U.S. Department of State. Respondent may be served by delivering a copy of the summons and the complaint to the Chief Executive Officer of the State Department.

## III. Facts

6. Petitioner, Efrain Esparza was born in Hidalgo, Hidalgo County, Texas on May 4th, 1999, at Santa Maria Maternity Clinic. Attendant Sylvia T. Salinas registered his birth on June 24th, 1999. His mother is Aida Guadalupe Garcia, and his father is Juan Antonio Esparza. Efrain Esparza currently resides in Pharr, Hidalgo County, Texas.

7. Petitioner possesses documents supporting his birth in the United States. First, he possesses an official birth certificate issued to his by Department of State Health Services. The stated place of birth is Santa Maria Maternity Clinic, Hidalgo County, Texas. The stated date of birth is May 4th, 1999.

8. The State Department states that he is not a United States Citizen because his birth record is flagged as fraudulently filed.

9. He also has a Birth Record in Mexico with conflicting information, and therefore, the State Department states that he is not a United States Citizen.

10. The State Department did not issue Petitioner a new U.S. Passport, therefore, the State Department states that he is not a United States Citizen.

11. Petitioner is both a citizen of the United States and maintains a physical residence.

12. The denial of the U.S. Passport by Respondent is improper because the requirements for a passport as required on the form DS-11 (Passport Application Form) are the following: a) proof of U.S. Citizenship, b) proof of identity c) recent photo d) and payment of the fees. To prove U.S. Citizenship, a person who is applying for a passport for the first time, is required to submit a Certified Birth Certificate which must show the full name, date and place of birth, sex, date the birth record was filed, the seal or other certification of the official custodian of such records and full name of parents. Petitioner was able to provide a certified birth certificate with all the required information. The only time that additional documents are required to prove U.S. Citizenship is when: a) no birth record exists or b) the birth certificate is filed more than one (1) year after the birth of the child. None of those apply to Petitioner.

13. The Petitioner was able to prove by preponderance of evidence, through documentary evidence, his U.S. Citizenship or nationality as required by 22 C.F.R. §51.40, 51.41. It will be unfair to require Petitioner to prove Respondents' allegations that the attendant was possibly fraudulent, because Petitioner was an innocent child who did not have a choice on where He wanted to be born. Most importantly, Respondent has not offered evidence that unequivocally proves that Petitioner's birth in the United States did not happen or that their suspicions on the birth attendant had proved to be true.

14. Respondent is basing his contention on the fact that Petitioner was also registered in Mexico. Petitioner contends that this does not prove that he was not born in the United States. It is common practice for parents in this area to also register their child's birth in

Mexico for cultural and practical reasons. This does not mean that Petitioner was not born in the United States.

15. Petitioner has lived as a lawful U.S. Citizen for over twenty-four years. During those twenty-four years no proceedings were taken nor notice given to Petitioner that he was not a U.S. citizen. Because over twenty-four years have elapsed since his birth, some essential witnesses are no longer available.

16. Pursuant to the notice, no hearing was available in administrative court to correct the mistake.

### IV. Argument

17. Petitioner is a U.S. citizen who properly submitted a fee-paid, substantiated application for a U.S. passport to the United States Department of State.

18. Petitioner was notified that his passport was denied, and his citizenship nullified in an administrative action, without hearing.

19. The State's notice effectively nullified Petitioner's Birth Certificate, divesting of his fundamental rights as a U.S. Citizen cognizable under 8 U.S.C. § 1503(a).

20. Without a Birth Certificate, Petitioner is denied an essential resource needed to navigate all manner of social institutions and is denied his *jus soli* citizenship in violation of The Citizenship Clause of the Fourteenth Amendment. In addition, Petitioner's inability to secure a U.S. Passport also restricts his freedom of movement within the meaning of Jones v. Cunningham, 371 U.S. 236, 240 (1963) for purposes of U.S.C. Section 2241.

21. The Secretary of State is denying Petitioner his fundamental right due to process, and his right not to be subject to arbitrary and capricious government action, in violation of the United States Constitution and Federal Law.

22. Under *Bowers v. Hardwick*, 478 U.S. 186, 189 (1986), the proper standard of review for a government taking of Petitioner's fundamental rights is strict scrutiny.

23. The State's administrative standard of review does not meet the seriousness of the issues at play, especially where a United States Citizen's fundamental rights are concerned.

24. The issuance of accurate Birth Certificate is indisputably a compelling governmental interest. However, the actions taken by the Department of State are not narrowly tailored to meet that interest. The actions of the Department of State do not provide a timely means of review, nor does it provide a proper standard of review. Rather, the Department of State process denying the U.S. Passport is structured in such a manner that affected the party is only notified unilaterally and provided no hearing. As in the case of Petitioner, such a notice may come years after his Birth Certificate was issued and necessary party and evidence are available, leaving Petitioner with a burden of proof that is nearly insurmountable. The aforementioned administrative procedure therefore fails under strict scrutiny.

## V. Causes of Action

25. Petitioner hereby incorporates by reference all allegations of the preceding paragraphs as if fully set forth herein.

## VI. Declaratory Judgment

26. Petitioner hereby incorporates by reference all allegations of the preceding paragraphs as if fully set forth herein.

27. Because Petitioner was denied his U.S. passport and by extension is being denied his citizenship, he has been denied rights and privileges claimed as a citizen and national of the United States, within the meaning of 8 U.S.C. Section 1503. Therefore, Petitioner is entitled to bring a declaratory judgment action under 8 U.S.C. Section 1503, seeking a declaration that he is, indeed, a U.S. citizen pursuant to 28 USC Section 2201 and 8 U.S.C. Section 1503.

28. Pursuant to 28 U.S.C. Section 2201 and 8 U.S.C. Section 1503, order must be issued removing any administrative hold on Petitioner's birth certificate and/or passport.

### VII. Prayer for Relief

WHEREFORE, it is respectfully requested that in view of the above, this Honorable Court grant the following relief:

(1) Assume jurisdiction over the matter;

(2) Issue such order as may be appropriate under 8 U.S.C. § 1503(a);

(3) Declare Petitioner's Texas birth certificate valid pursuant to 8 U.S.C. § 1503(a);

(4) Further declare that Petitioner was born in Texas and is therefore a U.S. citizen;

(5) Award attorney's fees and costs as appropriate;

(6) Grant such further relief as The Court deems reasonable and just.

Respectfully submitted,

Matulewicz & Associates, P.C.
521 S Broadway St
McAllen, TX 78501-4929
Tel: (956) 972-0330
Fax: (956) 972-0353

By: */s/ Anthony Matulewicz*
Anthony Matulewicz
State Bar No. 13234358
Federal bar Number: 15710
anth@matulewicz.com